STATE, PLAINTIFF, *v.* REARDON, DEFENDANT.

Common Pleas Court, Tuscarawas County.

No. 9899. Decided June 19, 1964*

*No appeal taken.

*Mr. Harlan Spies*, prosecuting attorney, for the State.
*Messrs. Bowers & Bowers*, for defendant.

LAMNECK, J.   On June 2, 1964, the defendant was convicted of the crime of Manslaughter in the Second Degree at the conclusion of a two day jury trial.

On June 4, 1964, the defendant filed a motion for a new trial based on six alleged errors occurring during the conduct of the trial prejudicial to the rights of the defendant, and that is the matter now before the court.   The court will consider the grounds for a new trial in the order stated in the motion.

On the afternoon of the first day of the trial, during the time the State was presenting its case, it became known that certain witnesses for the state were not present in court and had not been served with subpoenas.   The Prosecuting Attorney then made a motion to continue the case until subpoenas could be served.   Thereupon the court in the absence of the jury conducted an inquiry to ascertain why the witnesses had not been

subpoenaed. This inquiry showed that the Prosecuting Attorney had filed a precipe for their attendance in due season, that the Clerk of Courts had issued the subpoenas in due course to the Sheriff for service but through inadvertence the Sheriff's Office had not served them. Thereupon the court at 2:40 p. m. over the objections of Defense Counsel, overruled the motion for a continuance but recessed the trial until 9:00 o'clock A. M. the following morning with instructions that the trial would proceed at that tmie. Defense Counsel claims that this was an abuse of discretion. The usual time for the court to adjourn for a day is 4:00 p. m.

In general, the granting or refusal of an adjournment pending trial rests in the sound discretion of the court, which may in the exercise of its discretion, adjourn its sessions even over the objection of the accused, if the occasion is such that an adjournment is called for. See 23 C. J. S. Page 984, Section 985.

In 15 Ohio Jurisprudence (2d), Page 669, Section 500 the following appears:

"The right to adjourn the sessions of the court from day to day while the trial is pending, is well established. Thus, the taking of an adjournment over the objections of counsel for the defendant to the following day, after the final arguments of counsel have been completed at about 3:20 p. m. is not a violation of the discretionary powers of the court."

It has been held to be error to refuse a short adjournment to procure the attendance of a material witness. See *People* v. *Neal*, 287 N. W. 209 Mich., 193.

In *State* v. *Barton*, 191 N. E. (2d), 173, the rule is stated as follows:

"It is well established that a motion for continuance is addressed to the sound discretion of the trial court, and its action cannot be reversed on error unless it clearly appears, from all the facts and circumstances, that there has been an abuse of this discretion, operating to the prejudice of the party in the final determination of the case." See also 3 Ohio Jurisprudence (2d), 730, Section 756.

The absent witnesses appeared when court convened at 9:00 a. m. on the second day of the trial and testified for the State. The slight delay caused by the inadvertence of the

Sheriff's Office to serve the subpoenas in question did not in the opinion of the court prejudice the rights of the defendant in any way. He was accorded a speedy and public trial as the Constitution requires. A speedy trial does not mean that the State shall not have a reasonable opportunity to prosecute persons accused of crime. If a trial is free from vexatious, capricious and oppressive delays, then the Constitutional provisions as to a speedy trial have been observed. See 14 American Jurisprudence, Page 859, Section 135. In fact the court would have abused its discretion if the court had not adjourned court under the circumstances.

The second specification of error is that the Prosecuting Attorney engaged in mis-conduct prejudicial to the defendant. Defense Counsel made a motion for a mistrial for this alleged cause which was overruled by the court. The incident in question was composed of the following questions, answers, objections and rulings of the court: Questions are by the Prosecuting Attorney to Witness Wisman:

"Q. Did you have any conversation as to speed of that automobile?

"A. Not that I recall.

"Q. What did the defendant say to you as to the speed of the automobile?

"MR. BOWERS: Objection—he said they had no conversation.

"MR. SPIES: I am taken by surprise as to this witness. There are certain facts that this witness has knowledge of and I would like to have the opportunity to cross-examine this witness as to some factors he testified to and other factors he has in his knowledge.

"MR. BOWERS: At this time the defendant moves a Juror be withdrawn and a mis-trial declared by reason of statements made by the prosecutor in the presence of the jury.

"THE COURT: It isn't apparent to the Court the witness has shown he is hostile and the motion will be overruled.

"MR. BOWERS: May I have a ruling?

"THE COURT: It will be overruled. The jury will disregard the remarks made by the Prosecutor.

"Q. At any time did the defendant say to you that his automobile could go over one hundred miles per hour?

"MR. BOWERS: Objection.
"THE COURT: Sustained.
"Q. Have you had occasion to talk to defendant concerning this case. . . .

* * *

"Q. At the time your Uncle attempted to pass you, did you not travel about an eighth of a mile before he actually got around you?
"MR. BOWERS: Objection.
"THE COURT: Sustained.
"MR. SPIES: Exception. I again renew my original motion to have the opportunity to cross-examine this witness.
"THE COURT: Overruled."

Misconduct of the Prosecuting Attorney is expressly declared by statute to be a ground for a new trial if it materially affects the substantial rights of the accused. (Section 2945.79B, Revised Code.)

Conceding that the actions of the Prosecuting Attorney in pursuing the possible question of hostility of the witness after the court had made its ruling was improper, the court feels that this was not prejudicial and had no influence on the jury in arriving at a verdict in view of the instruction of the court to the jury to disregard the statements made by the Prosecuting Attorney and the fact that the court had sustained all of the defendant's objections relative thereto.

The next ground of alleged error is that the State failed to prove the Corpus Delecti of the Crime. The evidence is undisputed that the deceased was riding in the automobile of the defendant at the time of the accident; that the deceased and the defendant were taken away from the scene in an ambulance; that the decedent died on April 13, 1963; and a nephew called at the funeral home to pay his respects. The court feels that there is no doubt from all of the circumstances in the case that the decedent died as the proximate result of the accident in question.

The defendant also contends that the court disposed of numerous other matters in open court on the morning of the first day of the trial when the jury was viewing the scene of the alleged crime, and that on the afternoon of the second day of the trial at the time the jury was deliberating on its verdict,

the court admitted three aliens to citizenship in a naturalization proceeding.

It is not disputed that the court heard several motions and attended to some other routine matters when the jury was viewing the scene of the alleged crime, which took approximately one hour, returning to court about 11:00 a. m. on the first day of the trial, and also that the court spent about ten minutes in conducting naturalization proceedings while the jury was deliberating.

It is conceded that the trial of a criminal case, once commenced should proceed without *unreasonable* interruption. In this case there was no interruption of any kind, so the question of reasonableness is not involved.

In 23 C. J. S. page 989, Section 985, it is stated that "the interruption of the trial by taking under consideration another matter of short duration, as, for example, to enable the court to draw jurors to complete a venire in another case, or for the purpose of receiving presentments of the Grand Jury, is not erroneous where the accused is not prejudiced or affected except by slight loss of time."

In this case there was no loss of time in conducting the defendant's case, and all of the matters heard by the court was out of the hearing of the jury. In *State* v. *McCarty*, 179 Pac., 309, it is stated on page 312: "it did not work a mistrial when the court adjourned from Saturday until Tuesday in order to hold a session of court in Grant County on Monday."

Under Section 2945.10G, Revised Code, it is provided "that the court, after the argument is concluded and before proceeding with other business shall forthwith charge the jury." The court in the instant case did forthwith charge the jury after the argument was concluded. This is the only inhibition provided by statute of which the court is aware that prohibits the court from performing any extraneous judicial function when a criminal trial is in progress.

The next claimed error is in connection with a request of the jury for additional instructions.

After the jury had deliberated for several hours, a written question was sent to the court reading as follows:

"Does leaving the roadway trying to get back on roadway

having an accident involving one car constitute reckless driving?''

On receipt of this question the court had the bailiff conduct the jury to the court room where the following dialogue took place:—

"THE COURT: Ladies and Gentlemen of the Jury, who is your foreman:

"MR. SEVERS: I am.

"THE COURT: Has the jury arrived at a verdict?

"MR. SEVERS: No, sir.

"THE COURT: The bailiff has give me a note with a question on it reading as follows: 'Does leaving the roadway trying to get back on roadway having an accident involving one car constitute reckless driving?' Is that the question?

"MR. SEVERS: Yes.

"THE COURT: I will have to say it would be impossible for the court to answer the question yes or no because the court would be assuming a function of the jury and all I can say to you is to repeat the charge of the court already given you relative to the law and I will read it again. Section 4511.20, Revised Code, provides in so far as it relates to this case that no person shall operate a motor vehicle without due regard for the safety and rights of pedestrians and drivers and occupants of all other motor vehicles, so as to endanger the life, limb or property of any person while in the lawful use of the streets and highways. Is there any prospect of arriving at a verdict?

"MR. SEVERS:: I think so.

"THE COURT: Without stating how you stand for conviction or acquital, what is the division of the jury at the present time?

"MR. SEVERS: 10-2.

"THE COURT: You may now retire for further deliberation.''

The defense claims that when the court repeated part of his charge as quoted above, a written instruction which the court gave before argument at its option should have also been read to the jury and that the alleged omission constituted prejudicial error.

The written instruction given to the jury before argument at the defendant's request reads as follows:

"I charge you as a matter of law that in order to constitute a violation of Section 4511.20, Revised Code, known as 'the reckless operation of vehicles statute,' the operation of the automobile should be such as to amount to a reckless disregard of consequences, an indifferent feeling or attitude such as would make One intend to do the things which were the natural and probable consequences of his indifference or reckless conduct and that the State must prove such facts beyond a reasonable doubt."

It is well settled that after a case is submitted to the jury the court may give additional instructions at the request of the jury.

Section 2315.06, Revised Code, provides "that after the jurors retire to deliberate, if they . . . . desire, to be further informed on the law of the case, they may request the officer in charge to conduct them to the court which shall give the information sought upon matters of law. . . ."

In 15 Ohio Jurisprudence (2d), page 800, section 625, the following appears:

"The trial court may reread to the jury a portion of its general charge, and notwithstanding that undue emphasis may have been placed by the trial court upon propositions given after the jury's request for instructions, following a long period of disagreement, no reversible error results where the statement of the law as given is clearly justified."

The court construed the jury's question to mean that it wanted additional instructions on what constituted reckless operation. In compliance with the request the court reread Section 4511.20, Revised Code, relating to reckless operation which it had given in its general charge. This the court was required to do under the provision of Section 2315.06, Revised Code, quoted above.

The defendant complains that the court should also have reread the special written request given before argument. The court declined to reread the defendant's special request because Section 2345.10, Revised Code, specifically provides that "A charge or instruction when so written and given, shall not be orally qualified, modified or explained to the jury by the court."

This written instruction was sent to the jury room when the

jury retired to the jury room for deliberation and it remained with it during the entire time it was considering a verdict. It could refer to it at any time. The court feels that it acted properly in the matter and that the defendant's rights were not prejudiced thereby.

On the ground that the verdict is not sustained by sufficient evidence, the court is of the opinion that there is strong evidence both direct and circumstantial covering all elements necessary to be proven to sustain a conviction, and such evidence if believed by the jury is sufficient to justify it in finding the defendant guilty beyond a reasonable doubt.

Section 2945.83, Revised Code, provides in part that no motion for a new trial shall be granted or a verdict set aside for a misdirection of the jury unless the accused was or may have been prejudiced thereby, or for any other cause unless it appears affirmatively from the record that the accused was prejudiced thereby or was prevented from having a fair trial.

The court is of the opinion that the defendant had a fair, expeditious and public trial; that the action of the court in performing some extraneous judicial functions during recesses of the court and when the jury was deliberating did not delay the trial of the defendant; that the short adjournment that the court ordered to give the state an opportunity to secure the attendance of certain witnesses who had not been subpoenaed thru inadvertence of the Sheriff's Office, was not prejudicial to the rights of the defendant; and that the action of the Prosecuting Attorney in pursuing a line of questions which had been objected to and sustained was not prejudicial in view of the court's instruction to the jury and its orders respecting the same.

It will therefore be ordered that the motion for a new trial be overruled.

Exceptions noted.